# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ELBA PAGAN-MELENDEZ, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> COMMONWEALTH OF PUERTO RICO, ET AL., <br><br> Defendants. | **Civil No. 14-1495 (SEC)** |

## MEMORANDUM AND ORDER

Before the Court are the defendants' motion to dismiss, Docket # 6, and the plaintiffs' opposition thereto. Docket # 7. After reviewing the filings and the applicable law, this motion is **DENIED**.

**Background**

This is an action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1482, which "obligates school districts to furnish a free appropriate public education . . . to children with disabilities." Me. Sch. Admin. Dist. No. 35 v. R., 321 F.3d 9, 11 (1st Cir. 2003). Elba Pagán-Meléndez, personally and on behalf of her minor grandson, L.B.P., brings this IDEA action to recover attorneys' fees and costs in connection with an administrative proceeding in which L.B.P. prevailed. Docket # 1.

The plaintiffs sue the Commonwealth of Puerto Rico and its Department of Education. The defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the plaintiffs' claims are time barred. Docket # 6, p. 6. That is so because, in their view, a 30-day period governs IDEA actions to recover attorneys' fees. Id. The plaintiffs demur, maintaining that because a three-year period should apply, this case, filed on June 23, 2014, is timely. Docket # 9, p. 9.

**Civ. No. 14-1495 (SEC)**                                                                                                    **Page 2**

**Discussion**

Affirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) so long as the "the facts establishing the defense [are] clear 'on the face of the plaintiff's pleadings.'" Blackstone Realty LLC v. FDIC, 244 F.3d 193, 197 (1st Cir.2001) (quoting Aldahonda–Rivera v. Parke Davis & Co., 882 F.2d 590, 591 (1st Cir.1989)). Of course, a complaint must also "satisf[y] Rule 8(a)(2)'s requirement of a short and plain statement of the claim showing that the pleader is entitled to relief." Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 11 (1st Cir.2011) (citing Fed. R.Civ. P. 8(a)(2)). Although the plaintiffs need not demonstrate likelihood of success, their allegations must nevertheless "'suggest more than a sheer possibility that a defendant has acted unlawfully.'" García-Catalán v. United States, 734 F.3d 100, 102-103 (1st Cir.2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

Here, as said, the plaintiffs bring an IDEA claim for attorneys' fees under 20 U.S.C. § 1415(i)(3)(B), and the defendants do not question that L.B.P. was a "prevailing party" within the meaning of § 1415(i)(3)(B)(I); see Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 17 (1st Cir. 2005) (noting that IDEA's § 1415(i)(3) "provides for an award of attorneys' fees to parents of a student with a disability who is the 'prevailing party' in an action or proceeding brought under the IDEA"). The parties also agree, as they must, that IDEA is silent about the appropriate statute of limitations; nor do they dispute that the IDEA "borrow[s] the most analogous statute of limitations from Puerto Rico law, provided that it does not conflict with federal law or policy." Nieves-Márquez v. Puerto Rico, 353 F.3d 108, 118 (1st Cir. 2003); Providence School Dep't. v. Ana C., 108 F.3d 1, 2-3 (1st Cir.1997). As in Nieves-Márquez, 353 F.3d at 119, the parties' quarrels boils down to which of the two prescriptive periods should govern this IDEA action: The thirty-day limitations period for judicial review of administrative orders furnished

**Civ. No. 14-1495 (SEC)**                                                                                    **Page 3**

by the Puerto Rico Administrative Procedure Act, P.R. Laws Ann. tit. 3, § 2172, as urged by the defendants – or, as the plaintiffs maintain, Article 1867 of the Puerto Rico Civil Code, which supplies a three-year period within which "lawyers . . . can recover their charges and fees and the expenses and disbursements incurred by them in the discharge of their duties or offices in the matters to which the obligations refer." P.R. Laws Ann. tit. 31, § 5297(1). The plaintiffs have the better argument.

For starters, the parties' disagreement implicates an antecedent divergence between the Court of Appeals: Whether an attorneys' fees action under the IDEA is "independent from the underlying case resolving the conflict between the district and the child's parents. B.D. ex rel. Doucette v. Georgetown Pub. Sch. Dist., No. 11-1692, 2012 WL 4482152, *6-7 (D. Mass. Sept. 27, 2012) (Woodlock, J.) (discussing circuit split on this point and creating intra-district split); compare id. at *7 (adopting 30-day period and rejecting "Judge Zobel's approach"); with Anthony F. v. Sch. Comm. of City of Medford, No. 10-610, 2005 WL 1262090, *2 (D. Mass. Apr. 22, 2005) (Zobel, J.) (adopting three-year statute of limitations). As neatly explained by the D.C. District Court:

> Courts that find an action for attorneys' fees independent from the underlying IDEA administrative proceedings assign a longer statute of limitations period, often periods spanning several years, whereas courts finding an action for attorneys' fees ancillary to the underlying administrative proceedings assign shorter statute of limitations periods comparable to a period applied to judicial review of the administrative proceeding itself.

Wilson v. Gov't of D.C., 269 F.R.D. 8, 16-17 (D.D.C. 2010) (borrowing three year statute of limitations). Although the First Circuit avoided the issue in Nieves-Márquez, 353 F.3d at119, the consensus in this District – contrary to the District of Massachusetts – is in line with the views espoused by the plaintiffs. In two thoughtful (and very recent decisions), my esteemed

**Civ. No. 14-1495 (SEC)**                                                                                         **Page 4**

colleagues, Francisco A. Besosa and Gustavo A. Gelpí, made it clear that in an IDEA action the three-year statute of limitations "to claim attorneys' fees contained in [A]rticle 1867 . . . applies to plaintiffs' attorneys' fees claim." Concepción-Torres v. Puerto Rico, No. 14-1494, --- F.Supp.3d ----, 2014 WL 4628887, *4 (D.P.R. Sept. 17, 2014); see also id. (discussing and adopting Puerto Rico persuasive caselaw holding that "while the 30-day limitations period may be appropriate for an appeal of an administrative determination, it is too short to vindicate the underlying federal policies associated with the fee-claims provisions of the IDEA"); accord Martínez v. Puerto Rico, No. 14-1228, --- F.Supp.2d ----, 2014 WL 3513135, *6 (D.P.R. July 16, 2014) (Gelpí, J.) (adopting Article's 1867 "three-year statute of limitations as the applicable limitations period for attorney's fees claims under § 1415(i)(3)(B)," reasoning that "a longer statute of limitations is more reasonable considering it promotes bona fide negotiations between parties, simultaneously avoiding the filing of premature claims").[1]

     I agree fully with my colleagues' sensible holding and adopt their persuasive reasoning, as Article 1867's three-year period is indeed the most analogous statute of limitations from Puerto Rico law. Judge Besosa and Judge Gelpí reach this fair and sensible result by properly balancing the "three IDEA policy goals: the parental interest in participation, the school's interest in speedy resolution of disputes, and the child's interest in receiving educational entitlement." Nieves-Marquez, 353 F.3d at 119 (1st Cir. 2003) (citing Amann v. Town of Stow, 991 F.2d 929, 931-933 (1st Cir. 1993)). It bears emphasis that Judge Besosa's decision relies

---

[1] No other (present) judicial officer in this District appears to have taken a contrary stance. Judge Raymond L. Acosta (Ret.), however, once held that "the courts borrow the most analogous state provision applicable to personal injury actions." Howard v. Feliciano, No. 05-1928, 2008 WL 3471295, *7 (D.P.R. Aug. 8, 2008). But Howard omitted mentioning Article 1867, so it is afforded little persuasive weight. In any event, this suit would still be timely under the one-year statute of limitations adopted in Howard.

**Civ. No. 14-1495 (SEC)** **Page 5**

heavily on highly persuasive caselaw from the Puerto Rico Court of Appeals. See Concepción-Torres, 2014 WL 4628887, *3 (noting that "the Puerto Rico Court of Appeals [have] characterized IDEA's attorneys' fees claim as an independent cause of action" (citations omitted)). By parity of reasoning, the defendants' arguments are rejected for substantially the same reasons limned in Concepción-Torres. (The defendants' motion to dismiss is a carbon copy of the one Judge Besosa denied – compare Docket # 6 with Docket # 6 in No. 14-1494.) The defendants, in short, fall short of compelling a departure from the growing consensus that Article 1867's three-year statute of limitations governs IDEA actions to recover attorneys' fees. Concepción-Torres, 2014 WL 4628887, *4; Martínez, 2014 WL 3513135, *7. Given Concepción-Torres and Martínez, it would serve no useful purpose to continue to cite book and verse.

The Court now moves from the general to the specific, readily dispatching the defendants' statute-of-limitations defense. Suffice it to say that on September 12, 2013, an administrative judge issued a decision favoring the plaintiffs; the defendants never appealed that decision, so it became final. Docket # 1, ¶¶ 21-2. Because the plaintiffs brought this § 1415(i)(3) suit on June 23, 2014, the same was obviously lodged less than three years after the administrative proceedings ended. Accord Concepción-Torres, 2014 WL 4628887, *4; Martínez, 2014 WL 3513135, *7. So it is timely, and the motion to dismiss is denied.

**Conclusion**

For the reasons stated, the defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of September, 2014.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge