## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

ELBA PAGAN-MELENDEZ, ET AL.,

    Plaintiffs,

            v.

COMMONWEALTH OF PUERTO RICO, ET AL.,

    Defendants.

**Civil No. 14-1495 (SEC)**

### MEMORANDUM AND ORDER

Elba Pagán-Meléndez, personally and on behalf of her minor grandson, L.B.P., brings this action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400-1482—which "obligates school districts to furnish a free appropriate public education . . . to children with disabilities," Me. Sch. Admin. Dist. No. 35 v. R., 321 F.3d 9, 11 (1st Cir. 2003)—seeking to recover attorneys' fees and costs in connection with an administrative proceeding in which L.B.P. prevailed. Docket # 1.

The verified complaint, and supplemental memoranda, Docket # 31, request attorneys' fees and expenses incurred in the underlying administrative proceeding. It also requests additional fees and costs incurred in this court. See Rodríguez v. Puerto Rico, 764 F. Supp. 2d 338, 347 (D.P.R. 2011) (holding, in the IDEA context, that continuing legal costs are compensable). The plaintiffs seek fees calculated at an hourly rate of $135 for 39.70 hours ($4,720.75) through June 16, 2014, Docket # 1-2 at 6, plus $2,011.50 incurred since the filing of this suit, Docket # 31-1 at 4. In addition, they attempt to recover $536.30 in costs, for a total of $7,268.55.

Maintaining  that the plaintiffs are entitled to only $3,776.60 of their initial fee request ($4,720.75), the defendants complain about the reasonableness of the fees. Docket # 12 at 6.

Although encouraged to do so, Docket # 16, the parties were unable to settle their differences extrajudicially.

The plaintiffs invoke 20 U.S.C. § 1415(i)(3)(B)(i)(I), which provides in pertinent part that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability." And the defendants do not question that Pagán-Meléndez is a "prevailing party" within the meaning of section 1415(i)(3)(B)(I). See Smith v. Fitchburg Pub. Sch., 401 F.3d 16, 18 (1st Cir. 2005).

The IDEA contains a fee-shifting provision that stands in pari materia with other fee-shifting statutes, like the Fees Act, 42 U.S.C. § 1988; see Doe v. Boston 2 Pub. Sch., 358 F.3d 20, 26 (1st Cir. 2004). See also Cent. Pension Fund of the Int'l Union of Operating Engineers & Participating Employers v. Ray Haluch Gravel Co., 745 F.3d 1, 5 (1st Cir. 2014). This means that, when calculating fee awards, the analysis starts by fashioning the so-called lodestar, a legal jargon for the "number of hours appropriately worked times a reasonable hourly rate or rates." Hutchinson ex rel. Julien v. Patrick, 636 F.3d 1, 13 (1st Cir. 2011). Then, district courts must "subtract[ ] duplicative, unproductive, or excessive hours, and then appl[y] prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). As relevant here, the IDEA provides that the fees awarded "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished. No bonus or multiplier may be used in calculating the fees awarded under this subsection." 20 U.S.C. § 1415(i)(3)(C). It bears noting, moreover, that the Supreme Court has reiterated that a district court's duty when assessing attorneys' fees is not "to become green-eyeshade accountants" or "to achieve auditing perfection," but, rather, "to do rough justice." Fox v. Vice, 131 S.Ct. 2205, 2216 (2011).  With these principles in mind, the Court turns to the facts of this case.

The defendants mount no challenge to the reasonableness of counsel for plaintiffs' hourly rate of $135. And for good reason: The cases in this district upholding Attorney Vizcarrondo's $135 hourly rate are legion. E.g., Hernández-Meléndez v. Puerto Rico, No. 14-1493, 2014 WL 4260811, at *2 (D.P.R. Aug. 29, 2014). The defendants protest, however, some of his billable entries. The nub of their objections is that some of Attorney Vizcarrondo's hours are excessive, and that he billed clerical tasks at lawyers' rate. The Court agrees.

The law is clear, at least in the context of fee-shifting statutes, that "clerical or secretarial tasks ought not to be billed at lawyers' rates, even if a lawyer performs them." Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir.1992); accord Missouri v. Jenkins by Agyei, 491 U.S. 274, 288 n. 10 (1989). At the risk of oversimplification, see Rogers v. Cofield, 935 F. Supp. 2d 351, 363 (D. Mass. 2013) (discussing the grey area "between the time spent on core versus non-core work"), administrative or clerical functions include, but are not limited to, "document preparation, organization, distribution, and copying; . . . data collection; . . . scheduling and logistical planning; filing court documents; . . . and docket review and management." E.E.O.C. v. AutoZone, Inc., 934 F. Supp. 2d 342, 353-54 (D. Mass. 2013) (collecting cases); accord Rodríguez-García v. Municipality of Caguas, 787 F. Supp. 2d 135, 145 (D.P.R. 2011) (noting that clerical matters include "requesting or sending transcripts or evidence, organizing case files and exhibits, and making telephone calls regarding scheduling matters"). See also Brewster v. Dukakis, 3 F.3d 488, 492 (1st Cir. 1993) ("Non-core work consists of less demanding tasks, including letter writing and telephone conversations."). Examining the hours billed with these principles in mind, the Court finds many entries (billed at lawyers' rates) for clerical and administrative tasks. See, e.g., Docket # 1-2 at 3 (letter to client to notify "vacation period"); id. (telephone conference with client regarding scheduling matters); id. at 4 (email to notify a motion); id. at 5 (telephone conference with client to discuss "various [unexplained] case related matters"); id. (email to client attaching administrative resolution); id. at 6 (filing of verified

complaint). Of course, time spent on such tasks has <u>some</u> value, so the Court will compensate it "at a less extravagant rate." <u>Lipsett</u>, 975 F.2d at 940; <u>McMillan v. Massachusetts Soc. for Prevention of Cruelty To Animals</u>, 140 F.3d 288, 308 (1st Cir. 1998).

The Court hastens to add that some of the hours billed by the plaintiffs' counsel in this venue are "excessive, redundant, or otherwise unnecessary." <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 434 (1983). Counsel, for example, seeks to recover fees for (1) reviewing an order that struck a bill of costs he prematurely filed, Docket # 31-1 at 2; (2) drafting a supplementary motion that was stricken for failure to request leave of court, <u>id.</u> at 3; and (3) drafting and filing a "second motion for leave to file a supplemental motion," <u>id.</u> at 4, which was denied as "duplicative." Docket # 29. These charges were wholly unnecessary. Still more, "[b]ecause litigating a fee petition is typically an uncomplicated exercise, fees for such work are often calculated at lower rates than those deemed reasonable for the main litigation." <u>Torres-Rivera v. O'Neill-Cancel</u>, 524 F.3d 331, 340 (1st Cir. 2008).

"[L]itigation is messy," and this court must now balance several factors "to do rough justice." <u>Fox</u>, 131 S.Ct. at 2214. After carefully examining the timesheets, the Court finds that the excessive and unnecessary charges nonexhaustively described above must be reduced; the same is true for the clerical and administrative tasks billed at lawyers' rate. A district court may apply a percentage reduction of fees because of practices that inflate hours. <u>See, e.g.</u>, <u>Diffenderfer v. Gómez-Colón</u>, 587 F.3d 445, 455 (1st Cir. 2009). And where, as here, the inflated time entries are "too numerous to discount on an individual basis," this district has employed across-the-board reductions based on "appropriate percentages . . . ." <u>Rodríguez-García</u>, 787 F. Supp. 2d at 143 (collecting cases). Because the Court must ensure that the ultimate fee is reasonable, it will impose an across-the-board fee reduction of 20% ($1,346.45) to all fees, for a total of $5,385.80. <u>Accord</u> No. 14-1494 (FAB) at Docket # 26.

There is one loose end. The plaintiffs seek $536.30 in costs and expenses, but only $18.30 of that was incurred in the administrative proceeding; the remainder was incurred in this court. The defendants mount no challenge to the plaintiffs' recovering the $18.30 incurred in the administrative proceedings. And that comes as no surprise: The plaintiffs may generally recover such run-mill costs. Kathleen H. v. Massachusetts Dep't of Educ., 154 F.3d 8, 14 (1st Cir. 1998) (noting that the "IDEA provides that a 'prevailing party' may be awarded . . . costs"); but see Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297 (2006) (holding that non-attorney expert's fees for services rendered to prevailing parents in IDEA action are not recoverable costs).

But as just noted, the lion's share of the costs ($518) were incurred here. And it appearing that those costs are "taxable" (e.g., the $400 filing fee),  their recovery is controlled by Federal Rule of Civil Procedure 54(d), which provides in pertinent part that costs "should be allowed to the prevailing party," and by its local counterpart, which directs the prevailing party to file a bill of costs within 14 days from the "entry of judgment." D.P.R. Civ. R. 54(b). Because the plaintiffs flouted Local Rule 54, Docket # 15, however, their request to recover the remainder of the costs and expenses is denied without prejudice to its being renewed in accordance with the prescribed procedure. The parties shall thus abide by the reasonable procedure detailed in Local Rule 54. See Witty v. Dukakis, 3 F.3d 517, 519 (1st Cir. 1993).

For the reasons stated, the Court **GRANT**S the plaintiffs' request for attorneys' fees, as modified here, and awards them $5,385.80 in fees and $18.30 in costs, totaling $5,404.10. The defendants are thus jointly and severally liable to the plaintiffs in the amount of $5,404.10.

Judgment shall enter accordingly.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 1st day of May, 2015.

> *s/ Salvador E. Casellas*
> SALVADOR E. CASELLAS
> U.S. Senior District Judge